IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**GERALDINE TALLEY HOBBY,**

      **Plaintiff/Appellant,**

v.

| | |
|---|---|
| **BENEFICIAL MORTGAGE CO.** <br> **OF VIRGINIA, INC.,** | Civil Action No. 2:05cv110 |
|     **Appellee;** | |
| **BENEFICIAL / HOUSEHOLD** <br> **MEMBER HSBC, et al.,** | Civil Action No. 2:05cv238 |
|     **Defendants;** | |
| **FIRST BAPTIST CHURCH OF** <br> **LOGAN PARK, et al.,** | Civil Action No. 2:05cv247 |
|     **Defendants;** | |
| **CITY OF NORFOLK, et al.,** | Civil Action No. 2:05cv274 |
|     **Defendants.** | |

<u>**ORDER and OPINION**</u>

This matter is before the court on the following motions of the pro se plaintiff, Geraldine Talley Hobby:

- "Motion to Extend the Time Reconsider/Reopen Appeal" in civil action numbers 2:05cv110, 2:05cv238, 2:05cv247, and 2:05cv274 filed on September 7, 2005.

- "Vacate Judgment Appeal Motion to Reopen and to Reconsider Leave to Amend the Case Proceed Informa [sic] Pauperis" in civil action numbers 2:05cv110 and 2:05cv238, filed on September 7, 2005.

- "Appeal Vacate Judgment - Proceed In Forma Pauperis Motion to Reopen and Reconsider" in civil action numbers 2:05cv238, 2:05cv247, and 2:05cv 274, filed on September 7, 2005.

- "Notice of Appeal and Extension of Time to File Other Documents Amend" in civil action number 2:05cv110, filed on September 7, 2005.

- "Notice of Appeal and Extension of Time to File Other Documents Amend" in civil action numbers 2:05cv238, 2:05cv247, and 2:05cv274, filed on September 7, 2005.

- "Amended Further Statement Motion to Proceed Informa Pauperis Reconsider, Reopen and on Appeal" in civil action numbers 2:05cv110, 2:05cv238, 2:05cv247, and 2:05cv 274 filed on September 12, 2005.

- "Motion [to] Reconsider, Reopen, and Appeal Amended Abuse of the Administrative Process, etc. Further Claims Against the City of Norfolk, Va. For Damages Resulting from Due Process Violations" in civil action number 2:05cv 274, filed on September 12, 2005.

- "Amended Further Statement Motion to Reopen, Reconsider and Appeal" in civil action number 2:05cv247, filed on September 12, 2005.

After examination of the briefs and record, this court determines that a hearing is unnecessary because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument. For the reasons stated herein, and in the court's prior orders of August 12, 2005 and July 27, 2005 in civil action numbers 2:05cv238, 2:05cv247, and 2:05cv274, and of July 26, 2005 and August 10, 2005 in civil action number 2:05cv110, the court **DENIES** the plaintiff's motions. To the extent that the plaintiff is requesting this court to extend time on appeal, this court does not have jurisdiction to consider such motion.

## I. Background

Because the procedural history of these cases is fully detailed in the court's prior orders, the court will not reiterate this history herein. In its orders of August 12, 2005 and July 27, 2005, after having provided the plaintiff with notice of the proposed dismissal and an opportunity to be heard

in response, the court dismissed civil action numbers 2:05cv238, 2:05cv247, and 2:05cv274. In addition, in its July 26, 2005 and August 10, 2005 orders, this court dismissed as moot the plaintiff's appeal of the decision of the bankruptcy judge that lifted the stay in her bankruptcy proceedings which led to the foreclosure of her house.

On September 7, 2005 and September 12, 2005, the plaintiff filed the instant motions with this court. Although the plaintiff has a history of filing unorganized motions, the repetitive and haphazard filing of the instant motions makes it particularly difficult to ascertain what the plaintiff is asking this court to do in each individual case. However, from a review of the numerous documents filed, the court discerns that the plaintiff has filed three motions to reconsider with regard to civil action 2:05cv110, four motions to reconsider with regard to civil actions 2:05cv238, 2:05cv247, and 2:05cv274, two motions to proceed in forma pauperis with regard to civil action 2:05cv110, 2:05cv247, and 2:05cv274, three motions to proceed in forma pauperis with regard to civil action 2:05cv238, and, with regard to all four of her cases, she has filed a notice of appeal, a motion for an extension of time to file other documents on appeal, and a motion to have the court appoint counsel to assist her in this matter.

## II. Discussion

A request for reconsideration based on Rule 60(b) must be premised on one or more of the rule's six enumerated grounds for relief from judgment, including mistake, newly discovered evidence, fraud, etc. See Fed. R. Civ. P. 60(b). The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" Bradley v. United States, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999) (quoting Freschi v. Grand Coal Venture, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)). Furthermore, a district court has

3

jurisdiction to consider a motion for reconsideration, even after a notice of appeal has been filed. Fobian v. Storage Tech. Corp., 164 F.3d 887 (4th Cir. 1999). However, relief under Rule 60(b) is an extraordinary remedy and should only be invoked upon a showing of exceptional circumstances. See Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990); Design Classics, Inc. v. Westphal, 788 F.2d 1384, 1386 (8th Cir. 1986).

After reviewing the plaintiff's numerous motions for reconsideration and the respective exhibits attached to such motions, the court finds that the plaintiff is not entitled to relief. Although the plaintiff submits new evidence, which includes, among other documents, family photographs and newspaper clippings, this evidence does not convince this court that she has stated valid claims for relief. In fact, the plaintiff simply reargues the same points on which this court ruled in its prior orders. Before issuing its prior order dismissing the plaintiff's cases, this court thoroughly reviewed the plaintiff's claims and tried its best to find a valid claim among the disorganized filings.

Upon a subsequent examination of the record, the court is again unable to find a legal reason to allow civil action numbers 2:05cv238, 2:05cv247, and 2:05cv274 to proceed. This decision is based on the plaintiff's continued failure to allege a sufficient factual basis for any conclusory legal claims, and the court's inability to ascertain any cognizable legal claims from the plaintiff's remaining factual contentions. Furthermore, as to the plaintiff's motion to reconsider this court's dismissal of her appeal of the ruling of the bankruptcy judge in civil action number 2:05cv110, the court affirms its finding that the plaintiff's appeal is moot. As to the plaintiff's motions to proceed in forma pauperis and appoint counsel, the court has already ruled on these issues and sees no reason to depart from its prior orders.

Accordingly, and for the reasons more fully stated in the orders entered on August 12, 2005

and July 27, 2005 in civil action numbers 2:05cv238, 2:05cv247, and 2:05cv274, and July 26, 2005 and August 10, 2005 in civil action number 2:05cv110, the plaintiff's motions to reconsider and reopen are **DENIED.** The plaintiff's requests to extend the time to supplement her motions to reconsider are also **DENIED**. The plaintiff is warned that this court will not entertain any subsequent motions to reconsider in any of the above listed civil actions.

However, to the extent that the plaintiff is asking this court to extend time to file other documents on appeal, this court does not have jurisdiction to consider this matter. The plaintiff must direct this matter to the United States Court of Appeals for the Fourth Circuit.

In conclusion, in order to assist the Clerk in docketing this order, the following is a summary of the court's rulings with regard to the instant motions:

- "Motion to Extend the Time Reconsider/Reopen Appeal" in civil action numbers 2:05cv110 (Doc. 45), 2:05cv238 (Doc. 38), 2:05cv247 (Doc. 33), and 2:05cv 274 (Doc. 30) filed on September 7, 2005 is **DENIED** as to the plaintiff's request to extend the time to supplement her motions to reconsider and reopen the case. However, as to the request to extend the time to file documents on appeal, this court does not have jurisdiction to rule on this matter.

- "Vacate Judgment Appeal Motion to Reopen and to Reconsider Leave to Amend the Case Proceed Informa [sic] Pauperis" in civil action numbers 2:05cv110 (Doc. 46) and 2:05cv238 (Doc. 39), filed on September 7, 2005 is **DENIED**.

- "Appeal Vacate Judgment - Proceed In Forma Pauperis Motion to Reopen and Reconsider" in civil action numbers 2:05cv238 (Doc. 40), 2:05cv247 (Doc. 34), and 2:05cv 274 (Doc. 31), filed on September 7, 2005 is **DENIED**.

- "Notice of Appeal and Extension of Time to File Other Documents Amend" in civil action number 2:05cv110 (Doc. 47), filed on September 7, 2005 - The court does not have jurisdiction to consider the plaintiff's request to extend the time to file other documents on appeal. The plaintiff's requests to proceed in forma pauperis and to appoint an attorney are **DENIED**, as the court has already ruled on these issues in its previous orders. The plaintiff's request for a jury trial is moot.

- "Notice of Appeal and Extension of Time to File Other Documents Amend" in civil action numbers 2:05cv238 (Doc. 41), 2:05cv247 (Doc. 35), and 2:05cv274 (Doc. 32), filed on

September 7, 2005 - The court does not have jurisdiction to consider the plaintiff's request to extend the time to file other documents on appeal. The plaintiff's requests to proceed in forma pauperis and to appoint an attorney are **DENIED**, as the court has already ruled on these issues in its previous orders. The plaintiff's request for a jury trial is moot.

- "Amended Further Statement Motion to Proceed In Forma Pauperis Reconsider, Reopen and on Appeal" in civil action numbers 2:05cv110 (Doc. 48), 2:05cv238 (Doc.42), 2:05cv247 (Doc. 37), and 2:05cv274 (Doc. 34) filed on September 12, 2005 is **DENIED** to the extent the plaintiff's requests are directed at the district court.

- "Motion [to] Reconsider, Reopen, and Appeal Amended Abuse of the Administrative Process, etc. Further Claims Against the City of Norfolk, Va. For Damages Resulting from Due Process Violations" in civil action number 2:05cv 274 (Doc. 33), filed on September 12, 2005 is **DENIED.**

- "Amended Further Statement Motion to Reopen, Reconsider and Appeal" in civil action number 2:05cv247 (Doc. 36), filed on September 12, 2005 is **DENIED.**

The court **ADVISES** the pro se plaintiff that she may appeal from this Order within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk's Office is **REQUESTED** to send a copy of this Order to the pro se plaintiff.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 28th, 2005
Norfolk, Virginia